## NATIONAL OLEO METER CO. v. JACKSON.

*(Superior Court of New York City, General Term. January 7, 1889.)*

SPECIFIC PERFORMANCE—WHEN ENFORCED—PERFORMANCE BY PLAINTIFF.

One cannot be compelled to perform his agreement to assign property on payment of a particular sum without proof that such sum has been paid or tendered.

Appeal from special term.

Action by the National Oleo Meter Company against Walter M. Jackson, to compel defendant to assign to plaintiff certain letters patent, and for other and further relief. The complaint alleged that the defendant and a certain corporation known as the "Standard Hydro-Carbon Machine Company" had entered into an agreement by which it was agreed, among other things, that the said company would purchase from said Jackson all the inventions he had then made, or should thereafter make, in relation to the use of gas in any form, and should pay him therefor in advance, by the issue and delivery to him of its entire capital stock as fully paid-up stock to the amount of $6,000,-000; that the said company fulfilled its agreement with said Jackson, but that said Jackson refused to assign certain patents. The complaint further alleges that the plaintiff herein has succeeded to the rights of the said Standard Hydro-Carbon Machine Company. The material allegations of the complaint were denied by the defendant, and certain affirmative defenses were set up. Judgment for defendant, and plaintiff appeals.

Argued before SEDGWICK, C. J., and TRUAX, J.

*Edmund Coffin, Jr.,* for appellant. *Isaac Angel,* for respondent.

PER CURIAM. The findings of facts are warranted by the evidence, and the conclusions of law are warranted by the findings of facts. We are of the opinion that Exhibit A did not contain the whole agreement between the parties. The agreement between the parties is Exhibit X, and was offered in evidence by the plaintiffs. By that agreement the defendant bound himself to assign to the Standard Hydro-Carbon Machine Company all the patents that he then had, upon the payment to him of the sum of $110,000. It does not appear that the said Jackson ever received said sum of $110,000. As the payment of this sum was a condition precedent, plaintiff cannot recover without showing that such a sum has been paid or tendered to the defendant. Judgment appealed from is affirmed, with costs.

SEDGWICK, C. J., concurs.